# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ESTUARDO MARIN,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, et al.,<br><br>Respondents. | Case No. 1:25-cv-01422-SAB-HC<br><br>ORDER FOR SUPPLEMENTAL BRIEFING<br><br>ORDER SETTING HEARING ON PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 6, 9, 10.)

On October 24, 2025, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) In the petition, Petitioner raises the following claims for relief: (1) the erroneous application of 8 U.S.C. § 1225(b)(2) to Petitioner unlawfully mandates his continued detention and violates the Immigration and Nationality Act; (2) Petitioner's re-detention after being released on bond in 2012 without a pre-deprivation hearing violates his Fifth Amendment due process rights; and (3) detention of Petitioner without a bond redetermination hearing to determine whether he is a flight risk or danger to others also violates his right to due process. (ECF No. 1 at 14–16.) The motion for TRO discusses only the issue of the erroneous application of 8 U.S.C. § 1225(b)(2) to Petitioner, as does Respondents' opposition. (ECF Nos. 2, 11.)

Upon review of the petition, it appears that an order of removal has been issued by an immigration judge. (ECF No. 1 at 7; ECF No. 1-1 at 31.) An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). "Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings": 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). "Section 1231(a) applies to detention after the entry of a final order of removal." Id. at 530.

The Court finds that supplemental briefing on whether 8 U.S.C. § 1231(a), rather than § 1225(b)(2) or § 1226(a), is applicable to Petitioner would be helpful in this matter.

Accordingly, the Court HEREBY ORDERS that:

1. The parties SHALL FILE supplemental briefs addressing the issue set forth above on or before Monday, November 10, 2025.
2. A hearing on the motion for TRO will be held on Thursday, November 13, at 3:00 p.m. in Courtroom 9 before Magistrate Judge Stanley A. Boone.[1]

IT IS SO ORDERED.

Dated:   **November 5, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[1] The parties may request permission from the Court to appear by video conference or telephone.

2