# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ESTUARDO MARIN,<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | Case No. 1:25-cv-01422-SAB-HC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING RESPONDENTS' MOTION TO STRIKE, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF Nos. 1, 24) |

Petitioner, represented by counsel, is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 6, 9, 10.)

On November 13, 2025, the Court granted a preliminary injunction and ordered Petitioner released from immigration detention. (ECF No. 19.) On January 1, 2026, Respondents filed a response to the petition and a motion to strike unlawfully named Respondents. (ECF No. 24.) The following day, Respondents filed a notice of interlocutory appeal. (ECF No. 25.) On February 17, 2026, the Ninth Circuit granted the motion for voluntary dismissal. (ECF No. 28.) On March 16, 2026, Petitioner filed a reply in support of the petition. (ECF No. 30.)

Respondents move to strike and to dismiss all named Respondents with the exception of Tonya Andrews, the facility administrator of the Golden State Annex. (ECF No. 24 at 1.) Given that Petitioner is no longer detained at the Golden State Annex and, as set forth below, that the

Court is enjoining Respondents from imposing additional restrictions and re-detaining Petitioner unless certain procedures are followed, it appears that at least some of the named government Respondents should not be dismissed. Accordingly, the Court denies Respondents' motion to strike and dismiss all named officials except Tonya Andrews.

"Respondents oppose Petitioner's habeas petition for the reasons set forth in the opposition to the motion for a temporary restraining order" and do not provide further arguments in support of their opposition. Therefore, for the reasons stated in the order granting preliminary injunction, (ECF No. 19), the Court will grant the petition for writ of habeas corpus.

Petitioner has requested costs and attorney's fees in this action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 1 at 16.) The EAJA provides in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412 (d)(1)(A)–(B). The Court will consider an application from Petitioner requesting (and substantiating) reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.

Accordingly, the Court HEREBY ORDERS that:

1. The petition for writ of habeas corpus (ECF No. 1) is GRANTED;
2. Respondents' motion to strike (ECF No. 24) is DENIED;

3. Respondents are ENJOINED and RESTRAINED from imposing any additional restrictions on Petitioner unless that is determined to be necessary at a later custody hearing.
4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.
5. The Clerk of Court is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

Dated: **October 28, 2026**

STANLEY A. BOONE
United States Magistrate Judge